IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID GLENN SMITH, SR.,
    Plaintiff,

vs.                                                    Case No.:  5:07cv63/RS/EMT

HUNDUR LTD., et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff, an inmate of the Bay County Jail Annex proceeding pro se, initiated this action by filing a "Motion for Extention [sic] of Time to File" (Doc. 1).  The undersigned advised Plaintiff that if he wished to commence a civil action, he must file a complaint and pay the filing fee or file a motion to proceed in forma pauperis (*see* Doc. 2).  Plaintiff filed a motion to proceed in forma pauperis, which the court granted (*see* Docs. 6, 7).  This matter is now before the court on Plaintiff's amended complaint (Doc. 9).  Upon review of the complaint, the court concludes that Plaintiff has failed to establish a jurisdictional basis for this action; therefore, this case should be dismissed.

        Plaintiff names two Defendants in this action, Gary Hundley, owner of the Tiki Bar at the Sandpiper Beacon Resort in Panama City Beach, Florida, and Diana Kihn, Servicing Agent Supervisor with Summit Claims Center in Lakeland, Florida (Doc. 9 at 1, 2).[1]  Plaintiff claims that on March 19, 2006, while he was working as a bouncer at the Tiki Bar, he slipped on the steps of the bar and injured his back (*id*. at 3).  Plaintiff states Defendant Hundley told him that he would pay his medical bills, but after paying only a limited amount, he reneged on the agreement (*id*.).  Plaintiff contacted his employer's workers' compensation insurance carrier, which employs Defendant Kihn, and in June of 2006, the insurance company began paying workers' compensation benefits and told

---

[1]Plaintiff originally named Hundur Ltd. and Summit Claims Center as Defendants (*see* Doc. 1).

Plaintiff to begin physical rehabilitation for the injury and make follow-up appointments with their physician (*id*.). Six weeks later, the insurance company began settlement discussions with Plaintiff, but then Defendant Kihn accused him of forging a prescription and informed him that the company would not settle with a forger (*id*.). Plaintiff states that the insurance company's doctor cleared him to return to work on light duty, but Defendant Hundley immediately terminated his employment on the ground that he had filed a workers' compensation claim (*id*.).

Plaintiff sues Defendants for breach of contract, bad faith, and negligence (*id*. at 4). He also claims that Defendants discriminated against him for filing a claim for benefits in violation of the Equal Protection Clause (*id*.). As relief, Plaintiff seeks damages in the amount of $1,000,000.00 (*id*.).

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 Fed. Appx. 511, 2004 WL 729173, at \*\*1 (7th Cir. 2004). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted). Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure. *Id.* (citations omitted). A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.* (citations omitted). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)).

Rule 8(a)(1) of the Federal Rules of Civil Procedure provides in pertinent part that a pleading shall contain a short, plain statement of the grounds upon which the court's jurisdiction depends. In his original pleading, Plaintiff stated he wished to filed a "1983 action for personal injury and insurance fraud and workers compensation claims violations" (*see* Doc. 1). The undersigned issued an order informing Plaintiff that if he wished to initiate a civil rights action under 42 U.S.C. § 1983, he must file a complaint on the court-approved form (Doc. 2). The court also advised him of the jurisdictional requirements for bringing a § 1983 action, including the requirement that Defendants

be state actors (*id*.).  Plaintiff then filed a letter to the clerk of court conceding that Defendants were not state actors and stating that he wished to sue them on the ground that they subjected him to cruel and unusual punishment for not settling his workers' compensation claim (Doc. 3).  The undersigned then issued another order informing Plaintiff that he had still failed to state a jurisdictional basis for his complaint and provided him another opportunity to do so by filing an amended complaint (Doc. 4).  Plaintiff filed an amended complaint that suffered from the same jurisdictional defects, and the undersigned issued another order providing Plaintiff a final opportunity to amend his complaint to state a jurisdictional basis for his suit (Docs. 5, 8).  Plaintiff then filed the instant complaint (Doc. 9), alleging the same facts as he alleged in his previous complaints and asserting that Defendants' conduct deprived him of his equal protection rights and also asserting claims of breach of contract, bad faith, and negligence (*see* Doc. 9 at 4).

Despite this court's order advising Plaintiff that to state a claim under § 1983, he must show that Defendants were acting under color of state law, Plaintiff has failed to allege facts showing that either of the named Defendants was a state actor.  Therefore, he has failed to satisfy one of the essential elements of a § 1983 action.  *See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420 (1981), *overruled on other grounds by*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).  Additionally, as previously discussed, Plaintiff does not allege that either Defendant is a citizen of a state other than Florida; therefore, he cannot assert jurisdiction based upon diversity of citizenship.  *See* 28 U.S.C. § 1332; Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978).  In sum, Plaintiff has failed to show that a basis for federal jurisdiction exists, therefore, this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED** for lack of subject matter jurisdiction.

At Pensacola, Florida, this 19th day of June 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**